IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAITLIN VARNEY | ) | CASE NO.: 1:24-cv-00624-MWM |
| | ) | |
| Plaintiff, | ) | JUDGE MATTHEW W. MCFARLAND |
| | ) | |
| v. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION TO** |
| HEALTH CAROUSEL, LLC. | ) | **DISMISS, OR, IN THE** |
| | ) | **ALTERNATIVE, MOTION FOR** |
| Defendant. | ) | **LEAVE TO FILE SECOND** |
| | ) | **AMENDED COMPLAINT** |

## I. INTRODUCTION

Defendant Health Carousel, LLC's Motion to Dismiss ("Motion") should be denied as it is nothing more than a thinly veiled Motion for Summary Judgment, which is entirely premature at this stage. The Federal Rules only require a plaintiff to state enough facts to state a claim for relief that is plausible on its face.[1] Moreover, although Varney is not required to plead the prima facie elements of her case,[2] she has done so in her Amended Complaint. As Varney has stated the elements of her claims and the Court must take her averments as true at this stage, the Motion should be denied in its entirety. However, should this Honorable Court believe that Varney has failed to state enough facts to state a claim, Varney requests leave to file a second Amended Complaint. Varney's Amended Complaint was recently filed, and the Parties have not yet had an opportunity to conduct discovery.

## II. STATEMENT OF FACTS

It is axiomatic that when examining a Rule 12(b)(6) Motion to Dismiss, the Court "must accept as true all of the factual allegations contained in the Complaint."[3] As such, for the sake of

---

[1] *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008).
[2] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).
[3] *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

judicial economy and brevity, Varney hereby incorporates the facts and allegations from her Amended Complaint into this Brief in Opposition.

### III. MOTION TO DISMISS STANDARD

On a Fed. Civ. R. 12(b)(6) Motion, "all the factual allegations must be viewed in the light most favorable to the plaintiff and the plaintiff must receive the benefit of all reasonable inferences from the facts in the complaint."[4] In this regard, Varney relies upon and refers this Court to the Facts alleged in her Amended Complaint.[5] In considering whether a complaint fails to state a claim upon which relief can be granted, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."[6] Viewing the facts in the proper light, Varney has properly pled facts that, if proven, sufficiently support her claims.

#### A. Varney Has Provided Defendant With Fair Notice Of Her Claims.

Fed. R. Civ. P. 8(a)(2) provides that the plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Varney has satisfied this liberal standard. The United States Supreme Court in *Swierkiewicz* upheld the application of Fed.R.Civ.P. 8(a)(2) as the liberal pleading standard employed when faced with a motion to dismiss. In *Swierkiewicz*, the Court rejected the argument that the specific facts of the prima facie case must be alleged in the complaint, instead holding:

> The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement. . . . and This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.[7]

---

[4] *Bachochin v. Shire, PLC,* No. 1:06-CV-486, 2008 WL 339810, at *6 (S.D. Ohio Feb. 6, 2008).
[5] ECF #6: Amended Complaint
[6] *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC,* 700 F.3d 829, 935 (6th Cir. 2012).
[7] *Swierkiewicz v. Sorema N.A.*, 53 U.S. 506, 510-11 (2002).

Instead, the standard the Court applies is the liberal notice pleading of Rule 8(a), which is the starting point of a simplified pleading system adopted to focus litigation on the merits of a claim. Rule 8(a) requires, in pertinent part, a short, plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

By utilizing the liberal pleading standard in Fed. R. Civ. P. 8(a), the Court in *Swierkiewicz* noted that, rather than dismissing an action pursuant to a motion to dismiss, defendants who wish to challenge the sufficiency of the facts in the complaint have other alternatives:

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. See *Conley, supra*, at 48, 78 S.Ct. 99 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").[8]

**B. Defendant Must Show Beyond A Doubt From The Complaint That Varney Can Prove No Set Of Facts Entitling Her To Recovery.**

A motion to dismiss for failure to state a claim can only be granted when it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[9] In fact, as held by the United States Supreme Court, "when a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one."[10]

Moreover, in its scrutiny of the Complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. In doing so, the court must examine a complaint

---

[8] 53 U.S. at 513-14.
[9] *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).
[10] *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

in light of the objectives of Fed. R. Civ. P. 8 using the standard articulated in *Jones v. Sherrill*[11]:

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). The **motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim** which would entitle her to relief.

As held by the United States District Court for the Southern District of Ohio in *Mosley v. Hilton Easton Hotel*:

> While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, neither is a court required to accept a complaint's legal conclusions or unwarranted factual inferences as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). **Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.**[12]

Based on this standard, a plaintiff must provide enough factual information to state a claim to relief that is "plausible on its face." Varney has sufficiently pled her claims.

### IV. <ins>VARNEY HAS PLED FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR PREGNANCY DISCRIMINATION (COUNTS I & II).</ins>

In her Amended Complaint, Varney sufficiently pled facts that, if true, support her claims of pregnancy discrimination. Those facts, when viewed in the proper light, would allow Varney to recover on these claims. The Court should deny Defendant's Motion to Dismiss as to Counts I and II of Varney's Amended Complaint. A prima facie case for wrongful termination based on pregnancy discrimination under Title VII and R.C. § 4112.02, is established where the plaintiff (1) she was pregnant, (2) she was qualified for her job, (3) subjected to adverse action, and (4) there is a nexus between the adverse action and pregnancy.[13]

First, it should be noted, Defendant's argument regarding these claims does not address the prima facie case elements, thereby conceding Varney has in fact met the elements required.

---

[11] 827 F.2d 1102, 1103 (6th Cir.1987) (**emphasis** added).
[12] S.D.Ohio No. 05-CV-0048, 2005 WL 1630873, *3 (**emphasis** added).
[13] R.C. § 4112.02; *Cline v. Cath. Diocese of Toledo,* 206 F.3d 651, 658 (6th Cir. 2000)

Further, Defendant attempts to argue Varney's pregnancy claim is based on hostile work environment, which is simply not accurate. Varney did not plead HWE. Instead, she argued that the actions of Defendant's employees were hostile.[14] However, even if she did, this is still not the stage to argue whether the actions, were in fact, hostile.

For purposes of a Civ. R. 12(B)(6) motion to dismiss, Varney **is not required** to satisfy the prima facie case for her pregnancy discrimination claims in order to survive the Motion to Dismiss, she only needs to set forth a short and plain statement.[15] There is no question that Varney has adequately set forth a "short and plain statement" of her pregnancy discrimination claims. Indeed, Varney averred in her Amended Complaint she was pregnant and gave birth during her employment with Defendant,[16] she was qualified for the position,[17] Varney requested accommodation and issued complaints, but Defendant failed to take remedial action[18], and therefore caused Varney to be constructively discharged.[19] There is a nexus between Varney's constructive discharge and her pregnancy.[20]

Defendant's strange argument that Varney's amended complaint "fails regardless of what alleged facts in the Amended Complaint she tries to use to support it"[21] is simply a misstatement of the law. Again, Varney is not required at this stage of litigation to prove each element but simply place Defendant on notice, which she did. There is no dispute that Varney was pregnant, qualified for her job, suffered adverse action of being constructively discharged and the reason was her pregnancy, as Varney plead.[22] For these reasons, Defendant's Motion to Dismiss should be denied.

---

[14] *See* Varney Amended Complaint @ ¶ 82, 90
[15] *Swierkiewicz*, 53 U.S. 506, 510-11 (2002).
[16] Varney Amended Complaint @ ¶ 19, 26
[17] Varney Amended Complaint @ ¶ 2, 20, 28, 62
[18] Varney Amended Complaint @ ¶ 42-45; 48-56
[19] Varney Amended Complaint @ ¶ 62
[20] Varney Amended Complaint @ ¶ 62-64
[21] Defendant's Motion @ p. 5
[22] Defendant's Motion does not dispute the prima facie case for pregnancy discrimination either.

### V. VARNEY HAS PLED FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE PWFA (COUNT III).

In her Amended Complaint, Varney sufficiently pled facts that, if true, support her claim of Failure to Accommodate her need for an accommodation under the PWFA. Under PWFA § 2000gg-1(1) it is unlawful for an employer to "not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." Varney has pled sufficient facts to place Defendant on notice of her claim under the PWFA.

The EEOC interpretive guidance provides that reasonable accommodations for an employee with a known limitation under the PWFA can include, "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified employee with a known limitation under the PWFA to perform the essential functions of that position"[23] and gives the example "modified work schedule" as a possible reasonable accommodation.[24]

Although Defendant granted (in part) Varney's first request for accommodation, Defendant denied Varney's second request for accommodation. Varney's Amended Complaint states she requested a second accommodation, a modified work schedule as a reasonable accommodation for her lactation needs in the form of additional work hours.[25] Defendant denied Varney's second accommodation request.[26] Instead of engaging in the interactive process to identify an alternative accommodation, Defendant ignored Varney's request.[27] Defendant did all this, without

---

[23] 29 C.F.R. § 1636.3(h)(1)
[24] 29 C.F.R. § 1636.3(i)(2)
[25] Varney Amended Complaint @ ¶ 48
[26] Varney Amended Complaint @ ¶ 49
[27] Varney Amended Complaint @ ¶ 50

6

demonstrating why it would be an undue hardship on Defendant.[28] Nor does Defendant argue that the additional work hours would be an undue hardship on Defendant in its motion to dismiss and instead offers mere incredulity as an argument.[29]

Varney's request for a modified work schedule to complete the workload Defendant assigned her is the exact sort of flexible, reasonable accommodation the PWFA affords to a qualified employee. The denial of this reasonable accommodation is plainly sufficiently plead in the Amended Complaint. The EEOC interpretive guidance provides further examples of reasonable accommodations that could have enabled Varney to meet the work time expectation communicated by Defendant including, "job restructuring," "light duty work," "temporarily suspending one or more essential functions of the position," or a hybrid approach.[30] The fact that Defendant failed to explore these alternatives is sufficiently plead in the Amended Complaint to put Defendant on notice.

Varney set forth enough facts at this stage to her Failure to Accommodate Claim under the PWFA. For these reasons, the Court should deny Defendant's Motion to Dismiss as to Count III.

## VI. VARNEY HAS PLED FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR RETALIATION (COUNTS V, VI, VII, VIII).

In her Amended Complaint, Varney sufficiently pled facts that, if true, support her claims of retaliation. Those facts, when viewed in the proper light, would allow Varney to recover on these claims. The Court should deny Defendant's Motion to Dismiss as to Counts V, VI, VII, VIII of Varney's Amended Complaint. Title VII, 29 U.S.C.A. § 218d, 42 U.S.C. § 2000e-3(a), and R.C. § 4112.02(I) prohibit an employer from retaliating against an employee who has engaged in protected activity under the law. Under Title VII and § 4112.02(I), to establish a prima facie case of retaliation,

---

[28] Varney Amended Complaint @ ¶ 103
[29] Defendant's Motion @ p. 5
[30] 29 C.F.R. § 1636.3(i)(2)

7

a plaintiff must show that (1) she engaged in a protected activity, (2) the defending party was aware of that activity, (3) the defending party took an adverse action against the employee, and (4) there is a causal connection between the protected activity and adverse action.[31] Defendant seemingly only disputes that because Varney plead constructive discharge, she cannot meet the elements.[32] Again, Defendant is clearly arguing a summary judgment motion and not a 12B6 argument.

For purposes of a Civ. R. 12(B)(6) motion to dismiss, Varney **is not required** to satisfy the prima facie case for her retaliation claims in order to survive the Motion to Dismiss, she only needs to set forth a short and plain statement.[33] There is no question that Varney has adequately set forth a "short and plain statement" of her retaliation claims. Indeed, Varney averred in her Complaint that she made **two protected complaints** surrounding her pregnancy[34], Defendant retaliated against her by failing to take action, treating her worse, and failing to investigate her complaint.[35] Varney averred because of Defendant's failure to take action and continued harassment after her complaints, she sought medical treatment and ultimately was constructively discharged.[36] The timing between her complaints (July 15, 2023 and September 28, 2023)[37], and Varney's constructive discharge (November 7, 2023)[38] was *less than six weeks*. Contrary to the cases relied upon by Defendant where they were disposed of at summary judgment,[39] or *nineteen months* had gone by,[40] failed to properly aver that due to plaintiff's complaints and opposition, that

---

[31] *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007 Ohio 6442, 879 N.E.2d 174 (2007).
[32] Defendant's Motion @ p. 6-7
[33] *Swierkiewicz*, 53 U.S. 506, 510-11 (2002).
[34] Varney Amended Complaint @ ¶ 42; 53
[35] Varney Amended Complaint @ ¶ 43-45; 54-56
[36] Varney Amended Complaint @ ¶ 57-64
[37] Varney Amended Complaint @ ¶ 42, 53
[38] Varney Amended Complaint @ ¶ 62
[39] *Ross v. Pfizer, Inc.*, 375 Fed. Appx. 450, 457 (6th Cir. 2010); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002)
[40] *Kaminski v. Hillman Grp., Inc.*, No. 1:19-CV-1010, 2021 WL 680110, at *4 (S.D. Ohio Feb. 22, 2021).

lead to the constructive discharge[41]—unlike Varney, who did.[42] As pointed out by Defendant, Varney averred several incidents of discrimination she incurred, including the following[43]:

> 25. Throughout her time at Health Carousel, Varney was subjected to disparate treatment by her manager Jaggers.
>
> 31. Jaggers expressed disgust at Varney's use of "pump" and "pumping" to refer to expressing breast milk with the assistance of a breast pump.
>
> 32. Jaggers discouraged Varney from making it known to her coworkers that she was expressing breast milk at work.
>
> 42. On or about July 25, 2023, Varney reported the Team Meeting Lactation Harassment to Health Carousel's human resources ("First Report of Lactation Harassment").
>
> 43. Health Carousel failed to take prompt remedial action in response to Varney's First Report of Lactation Harassment.
>
> 44. After the First Report of Lactation Harassment, Varney's coworkers treated her more coldly.
>
> 45. After the First Report of Lactation Harassment, Jaggers continued expressing frustration and disgust at having to accommodate Varney's pumping.
>
> 50. Jaggers refused to engage further in the interactive process or offer an alternative accommodation to Varney.
>
> 51. Jaggers' refusal to accommodate Varney was pregnancy discrimination.
>
> 52. Jaggers routinely criticized Varney for the length of her pumping breaks in an attempt to coerce her into taking shorter pumping breaks.
>
> 53. On or about September 28, 2023, Varney reported Jaggers' refusal to accommodate her and lactation-based harassment to Health Carousel Human Resources ("Second Report of Lactation Harassment").
>
> 55. Jaggers retaliated against Varney for making the Second Report of Lactation Harassment by intensifying her scrutiny of the length of Varney's pumping breaks to intimidate her into taking shorter pumping breaks.
>
> 56. Jaggers retaliated against Varney for making the Second Report of Lactation Harassment by being overly critical of her work and assigning more work to her than she could complete.

---

[41] *Breeden v. Frank Brunckhorst Co., LLC*, No. 2:19-cv-5515, 2020 U.S. Dist. LEXIS 115950 at *18 (S.D. Ohio July 1, 2020); *Littlejohn v. Montgomery Cty. Treasurer*, No. 3:16-CV-00350, 2017 U.S. Dist. LEXIS 103203 (S.D. Ohio July 5, 2017)
[42] Varney Amended Complaint @ ¶ 125-127; 130-132; 135-137; 140; 149-154
[43] *See* Varney Amended Complaint

60. On or about October 13, 2023, Varney sought mental health treatment regarding the routine humiliation and harassment by Jaggers related to her breastfeeding.

61. Over the next few weeks, Jaggers's harassment and intimidation continued and Varney's mental health declined.

62. On or about November 7, 2023, Varney submitted her resignation effective immediately.

63. Varney resigned in response to Jaggers' harassment and intimidation related to her breastfeeding and pumping breaks.

64. Health Carousel constructively discharged Varney's employment ("Constructive Discharge").

Overall, Varney's allegations and averments in the First Amended Complaint are more than sufficient, under Civ. R. 8(A), to put Defendant on reasonable notice of her retaliation claims. Defendant cannot show, beyond any doubt, that Varney can prove no set of facts entitling her to recovery for her retaliation claims. For these reasons, Defendant's Motion to Dismiss should be denied.

## VII. VARNEY HAS PLED FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR INTERFERENCE WITH PWFA RIGHTS, (COUNTS IV).

In her Amended Complaint, Varney sufficiently pled facts that, if true, support her claims of Interference with PWFA Rights. Those facts, when viewed in the proper light, would allow Varney to recover on Count IV. Under PWFA § 2000gg-2(f)(2), it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of such individual having exercised or enjoyed … any right granted or protected by this chapter."

Although Varney plead she was granted pump breaks, she also plead that she was harassed for the length of her pump breaks[44], Defendant "interfered with Varney's exercise and

---

[44] Varney Amended Complaint @ ¶ 117

10

enjoyment of her rights under the PWFA,"[45] and Defendant "intimidated Varney on account of her exercising and enjoying rights protected under the PWFA."[46] These averments alone meet the elements that Defendant interfered with Varney's PWFA rights.

Defendant's four sentence argument provides no actual case law or valid argument on why this claim should be dismissed. They simply state since Varney was provided an accommodation, she has no claim. This is insufficient. Further, Defendant provides facts that are not in the Amended Complaint stating Varney was paid for all the time she was pumping, and was not limited in the number of breaks.[47] These are all questions of fact and should not be considered as it is not plead in Varney's Amended Complaint.

Varney set forth enough facts at this stage to her Interference under the PWFA. For these reasons, the Court should deny Defendant's Motion to Dismiss as to Count IV.

## VIII.  IN THE ALTERNATIVE, VARNEY ASKS THIS COURT FOR LEAVE TO AMEND HER COMPLAINT

Should this Court not be persuaded by the arguments set forth herein to deny Defendant's Motion to Dismiss, Varney respectfully moves this Court to allow her to amend her Amended Complaint. Fed. Civ. R 15(a) contemplates that a Court will freely grant leave to file an amended complaint when the interest of justice so requires. *See* Civ. R. 15(a)(2); *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (*citing Ellison v. Ford Motor Co*., 847 F.2d 297, 300 (6th Cir. 1988).  In *Foman v. Davis*, the Supreme Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." 371 U.S. 178, 240 (1962).  Moreover, to deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." In fact, "delay alone, regardless of its length is not enough

---

[45] Varney Amended Complaint @ ¶ 120
[46] Varney Amended Complaint @ ¶ 121
[47] Defendant's Motion @ p. 6

to bar amendment if the other party is not prejudiced." Furthermore, granting a motion to dismiss without first considering a pending motion to amend the complaint would constitute an abuse of discretion.

Should this Court find that Varney has not met the elements of her claims, Varbet is seeking leave to amend to add detail to her claims against Defendant to include additional averments.

Even though Varney disagrees with Defendant that her Amended Complaint is lacking, should this Honorable Court find that it is, Varney requests leave to clarify the provisions surrounding her pregnancy and constructive discharge. There is absolutely no prejudice to Defendant as Defendant has been made aware of Varney's claims. Based on the foregoing reasons, Varney respectfully requests that this Court grant her Motion for Leave to File her Second Amended Complaint.

## IX. <u>CONCLUSION</u>

Based upon the foregoing reasons, Varney respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss in its entirety.

    Respectfully submitted,

    <u>/s/ Trisha M. Breedlove</u>
    Trisha Breedlove (0095852)
    **THE SPITZ LAW FIRM, LLC**
    1103 Schrock Road, Suite 307
    Columbus, Ohio 43229
    Phone: (614)556-4811
    Fax:    (216) 291-5744
    trisha.breedlove@spitzlawfirm.com

    *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed on February 5, 2025 via the Court's Online Filing System and made available to all parties.

>*/s/ Trisha M. Breedlove*_____
>Trisha Breedlove (0095852)
>**SPITZ, THE EMPLOYEE'S LAW FIRM**

13